FILED ✓     RECEIVED ___
ENTERED ___    SERVED ON ___
COUNSEL/PARTIES OF RECORD

SEP 19 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIDEL CHAVEZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

3:11-CV-0660-LRH-WGC

ORDER

Before the court is plaintiff Fidel Chavez's ("Chavez") ex-parte motion for a temporary restraining order without notice. Doc. #1, Exhibit B.[1]

Pursuant to Rule 65, "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party .... only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1).

Here, after reviewing the documents and pleadings on file in this matter, the court finds that Chavez has not satisfied the requirements for issuance of a temporary restraining order without notice under Rule 65. In support of his motion, Chavez has submitted a declaration from counsel.

---

[1] Refers to the court's docket number.

However, this document fails to comply with the requirements of Rule 65(b)(1)(B). Counsel's declaration does not mention any attempt to provide notice to the opposing party nor does it identify the reasons why notice should not be required. Therefore, the court finds that Chavez is not entitled to issuance of a temporary retraining order. Accordingly, the court shall deny Chavez's motion for a temporary restraining order.

IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order (Doc. #1, Exhibit B) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of September, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE