UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FIDEL CHAVEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>WELLS FARGO BANK, N.A.; et al.,<br><br>          Defendants. | 3:11-cv-0660-LRH-WGC<br><br>ORDER |

Before the court is plaintiff Fidel Chavez's ("Chavez") motion to remand. Doc. #17.[1] Defendants filed oppositions (Doc. ##21, 22) to which Chavez replied (Doc. #24).

**I.     Facts and Procedural History**

On August 15, 2001, Chavez purchased real property through a mortgage note and deed of trust originated by defendant Wells Fargo Home Mortgage, Inc. ("WFHM"). Eventually, Chavez defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Chavez filed a complaint in state court against defendants. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon diversity jurisdiction. Doc. #1. Thereafter, Chavez filed the present motion to remand. Doc. #17.

///

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. 28 U.S.C. § 1332(a). In a diversity case, if a complaint does not specify the amount of damages, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000.00." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

Removal of a case to a district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## III. Discussion

In his motion, Chavez concedes that the parties are diverse for diversity jurisdiction purposes, but argues that defendant's notice of removal is insufficient to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. The court has reviewed the document and pleadings in this matter and finds that the amount in controversy exceeds the $75,000 threshold. In his complaint, Chavez is seeking a declaration that the underlying non-judicial foreclosure is invalid and to quiet title in the property, thereby extinguishing the outstanding $200,000 loan.

Further, "[i]n actions seeking declaratory or injunctive relief, it is well established that the

2

amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). Here, the object being litigated is Chavez's $200,000 mortgage note and deed of trust. Therefore, the court finds that the amount in controversy has been met and the exercise of diversity jurisdiction is proper.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #17) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3