UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FIDEL CHAVEZ,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.; et al.,

    Defendants.

3:11-cv-0660-LRH-WGC

ORDER

Before the court is defendant MTC Financial Inc., dba Trustee Corps's ("Trustee Corps"), motion to dismiss (Doc. #10[1]) to which defendants Wells Fargo Bank, N.A. ("Wells Fargo"); Wells Fargo Home Mortgage, Inc. ("WFHM"); and Federal Home Loan Mortgage Corporation ("FHLMC") joined (Doc. #13). Plaintiff Fidel Chavez ("Chavez") filed an opposition (Doc. #15) to which Trustee Corps replied (Doc. #19).

**I.     Facts and Procedural History**

On August 15, 2001, Chavez purchased real property through a mortgage note and deed of trust originated by defendant Wells Fargo Home Mortgage, Inc. ("WFHM"). Eventually, Chavez defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, Chavez filed a complaint alleging seven causes of action against defendants:

---

[1] Refers to the court's docket entry number.

1  (1) wrongful foreclosure; (2) negligence; (3) negligent and/or fraudulent misrepresentation;
2  (4) slander of title; (5) breach of implied covenant of good faith and fair dealing; (6) declaratory
3  relief; and (7) injunctive relief. Doc. #1, Exhibit A. Thereafter, Trustee Corps filed the present
4  motion to dismiss. Doc. #10.

**II.     Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

2

the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Wrongful Foreclosure

An action for wrongful foreclosure requires that, at the time of the foreclosure sale, the plaintiff was not in breach of the mortgage contract. *Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, it is undisputed that Chavez was in default on his mortgage obligations so there can be no sustainable action for wrongful foreclosure.

#### B. Negligence

In order to allege a claim for negligence, a plaintiff must show: (1) a duty owed by defendants to plaintiff; (2) a breach of that duty by defendants; (3) causation; and (4) damages. *See Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995). There is no special duty of care owed by a financial institution when the institution's involvement in a loan transaction does not exceed the scope of a mere lender. *See Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App. 3d 1089, 1096 (Cal. App. 1991); *see also, Wagner v. Benson*, 101 Cal.App. 3d 27, 34 (Cal. App. 1980) ("Liability to a borrower for negligence arises only when a lender actively participates in the finance enterprise beyond the demand of the usual money lender.").

Here, Chavez makes no allegations that the lending transaction was anything more than an arms-length transaction by the defendants. Thus, under the allegations in the complaint, defendants had no duty towards him beyond a normal loan transaction. Absent a duty, there can be no breach.

1  *See A.C. Shaw Constr.*, 784 P.2d at 10.

**C. Negligent/Fraudulent Misrepresentation**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Chavez fails to allege anything more than defendants defrauded him during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Chavez fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Chavez's allegations are insufficient to support his claim for negligent and/or fraudulent misrepresentation.

**D. Slander of Title**

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." *Executive Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998).

Here, the recorded notice of default and notice of trustee's sale are not false and malicious communications disparaging Chavez's title. First, he concedes that he was in default on his loan. Thus the notice of default does not make a false statement about the title. Second, it is not false that the property was to be sold at a trustee's sale. Therefore, the court finds that Chaevz has failed to state a claim for slander of title.

///

4

### E. Breach of Implied Covenant of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Here, there is no contract between Chavez and Trustee Corps, Wells Fargo, and FHLMC. The only contract is the mortgage contract between Chavez and WFHM. As to defendant WFHM, Chavez fails to make any allegations as to how WFHM breached the implied covenants simply by initiating and carrying out non-judicial foreclosure proceedings. Therefore, Chavez fails to state a claim against these defendants for breach of the implied covenants of good faith and fair dealing.

### F. Declaratory and Injunctive Relief

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not separate causes of action. *See e.g., In re Wal-Mart & Hour Employment Practices Litig.*, 490 F. Supp. 1091, 1130 (D. Nev. 2007) (holding that a claim for injunctive relief was not a separate cause of action or independent ground for relief). Here, Chavez's claims fail to establish any claim for relief. Accordingly, Chavez is not entitled to injunctive or declaratory relief.

///

///

///

1   IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #10) is
2   GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.
3   IT IS SO ORDERED.
4   DATED this 16th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE